**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| CEI ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| PROFESSIONAL COATING ) | |
| TECHNOLOGIES, INC., and ) | |
| MARK WINKELMAN ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**COMPLAINT**

CEI Enterprises, Inc. ("CEI") hereby submits its Complaint against Professional Coating Technologies, Inc. ("PCT") and Mark Winkelman ("Winkelman") (collectively, "Defendants") and states:

**Parties, Jurisdiction, and Venue**

1. CEI is a Tennessee corporation which, at the time pertinent to the creation of the products and legal instruments at issue, had a principal place of business at 245 Woodward Avenue, S.E., Albuquerque, New Mexico 87102.

2. PCT, upon information and belief, is a Texas company with its principal place of business at 1001 Mount Lebanon Road, Cedar Hill, Texas 75104. PCT's registered agent is listed as Larry D. Flynn, 700 E. Southlake Blvd., Suite 150, Southlake, Texas 76092.

3. Mark Winkelman is an individual who at all material times was the President of PCT and subject to service of process at 1001 Mount Lebanon Road, Cedar Hill, Texas 75104.

2

4. This is an action for breach of contract, damages, and declaratory relief stemming from a Secured Promissory Note ("Note") between CEI and PCT executed on January 22, 2019, and a Guaranty between CEI and Winkelman executed on January 22, 2019 (the Note and the Guaranty comprise the "Contracts").

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391, because the Contracts that are the subject of this action were executed in New Mexico, and each of the Contracts includes a choice of forum clause providing for jurisdiction and venue in New Mexico.

**General Statement of Facts**

7. At all times relevant to this Complaint, CEI manufactured and sold asphalt-rubber blending plants and related equipment and parts.

8. At all times relevant to this Complaint, PCT was a specialty company that primarily coated pipes and made asphalt emulsions.

9. On or about September 12, 2017, CEI made a sales proposal ("Sales Proposal") to PCT for the manufacture of equipment and fixtures to be used in the production of asphalt emulsions (hereinafter, "Products").

10. On or about January 19, 2018, PCT accepted CEI's Sales Proposal.

11. Following PCT's acceptance of CEI's Sales Proposal, PCT experienced alleged difficulties paying for the Products and requested CEI's assistance in working out a formal payment schedule.

12. On January 22, 2019, CEI and PCT executed the Note, in the principal sum of $1,071,453.75 plus interest, which evidenced PCT's payment obligations to CEI in connection with the sale of the Products to PCT under the accepted Sales Proposal.

13. A true and correct copy of the Note is attached as **Exhibit 1**.

14. Among its obligations under the Note, PCT was to use its best efforts to secure alternative financing to repay the Note in full, and at regular intervals was to report to CEI its efforts to do so.

15. Under the Note, PCT released CEI from all claims, liabilities, obligations, counterclaims, offsets and damages of any kind, and agreed not to assert any warranty or other claim against CEI or to exercise any set off against PCT's payments due under the Note.

16. As a material inducement for CEI to make the loan evidenced by the Note, Winkelman guaranteed the debt owed by PCT under the Note by executing the Guaranty on January 22, 2019.

17. A true and correct copy of the Guaranty is attached as **Exhibit 2**.

18. The Maturity Date of the Note, being the date on which the entire outstanding principal balance, together with all accrued and unpaid interest is due, was November 5, 2021.

19. By correspondence addressed to Winkelman dated November 5, 2021 ("November 5 Letter"), CEI reminded Winkelman, as President of PCT, of PCT's obligation to pay its entire indebtedness under the Note by the Maturity Date; provided a reminder notice to Winkelman of his personal obligation to pay the Note under the Guaranty; and identified other outstanding invoices outside the Note obligation in the amount of $16,999.72 that were due and payable (hereinafter, "Other Outstanding Invoices").

20. A copy of the November 5 Letter is attached as **Exhibit 3**.

21. Prior to November 5, 2021, CEI had delivered all Products ordered by PCT pursuant to the sales order.

22. PCT failed to pay the entire outstanding balance, together with all accrued and unpaid interest on the Note by the Maturity Date, November 5, 2021.

23. Winkelman failed to pay PCT's obligation under the Note by the Maturity Date.

24. PCT has failed to pay the Other Outstanding Invoices.

25. Due to its failure to pay the outstanding balance due under the Note by the Maturity Date, PCT is now in default under the Note for the entire outstanding balance, together with all accrued and unpaid interest thereon, entitling CEI to pursue all remedies thereunder.

26. Winkelman's failure to pay the Note in full by the Maturity Date is a default and breach of the Guaranty, entitling CEI to pursue all remedies thereunder.

27. PCT's failure to pay the Other Outstanding Invoices is a breach of its duty to pay under the contracts underlying such invoices.

28. As a direct and proximate result of Defendants' failures and refusals to pay under the Note, Guaranty and Other Outstanding Invoices, CEI has suffered and will continue to suffer actual damages, without limitation, for non-payment of principal and interest, outstanding invoices, and attorneys' fees and costs.

## COUNT I – BREACH OF CONTRACT ON NOTE (PCT)

29. CEI incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1-28, above.

14813_00/21002/JGJ-4867-9558-5542_14

30. According to the terms of the Note, PCT was obligated to pay the entirety of the Note, plus all accrued and unpaid interest thereon, by the Maturity Date.

31. PCT's failure to make such payments by the Maturity Date, as well as its failure to fulfill other obligations under the Note including, without limitation, its duty to make best efforts to secure alternative financing to pay off its indebtedness reflected in the Note, was a material breach of its obligations under the Note.

32. As a direct and proximate result of PCT's breach of contract under the Note, CEI has suffered, and will continue to suffer, damages including without limitation actual damages for non-payment of principal and accrued interest and attorneys' fees and costs to pursue collection under the Note.

## **COUNT II – BREACH OF CONTRACT ON GUARANTY (WINKELMAN)**

33. CEI incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1- 32, above.

34. According to the terms of the Guaranty, Winkelman is personally liable for any default or breach by PCT under the Note.

35. PCT failed to make full payment under the Note by the Maturity Date.

36. PCT's failure to pay under the Note by the Maturity Date is a default and material breach of the Note, triggering an unconditional duty by Winkelman to make full payment under the Note under the terms of the Guaranty.

37. Winkelman has failed and refused to make any payments due under the Note, thus materially breaching the Guaranty.

38. As a direct and proximate result of Winkelman's breach of contract under the Guaranty, CEI has suffered, and will continue to suffer, damages including without limitation actual damages for non-payment under the Note and attorneys' fees and costs to pursue collection under the Note and under the Guaranty.

## COUNT III – BREACH OF CONTRACT
## ON OTHER OUTSTANDING INVOICES (PCT)

39. CEI incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1- 38, above.

40. Between 2017 and the present, the parties entered into contracts and agreements by which PCT furnished services and parts ancillary to the project for which Products were sold to PCT by CEI under the Sales Proposal.

41. Following acceptance by PCT of such ancillary services and parts, CEI invoiced PCT for payment of same.

42. PCT has failed and refused to make complete payment for the ancillary services and parts.

43. CEI sent to PCT the Other Outstanding Invoices, reflecting a total unpaid balance relative to the ancillary services and parts totaling $16,999.72.

44. PCT's failure and refusal to pay the $16,999.72 outstanding, or any part of that total, is a breach of the contracts and agreements to pay same, proximately causing damage to CEI for which CEI seeks relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CEI requests:

A. Judgment against PCT for breach of the Note and for damages including all sums due and unpaid under the Note;

B. Judgment against Winkelman for breach of the Guaranty and for damages including all sums due and unpaid under the Note and the Guaranty;

C. Judgment against PCT for breach of contract and an award of damages for all unpaid sums under the Other Outstanding Invoices;

D. An award of attorneys' fees and costs to CEI against PCT and Winkelman, jointly and severally;

E. Pre-judgment and post-judgment interest as allowed by law; and

F. All other relief, general and specific, and equitable or legal, to which CEI may be entitled.

Respectfully submitted,

By: */s/John G. Jackson*
    John G. Jackson
(*Pro Hac Vice Application to be Filed*)
CHAMBLISS, BAHNER & STOPHEL P.C.
Liberty Tower, Suite 1700
605 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 757-0246
Facsimile: (423) 508-1246
Email: jjackson@chamblisslaw.com

~and~

14813_00/21002/JGJ-4867-9558-5542_14

Alicia L. Gutierrez
MOSES, DUNN, FARMER & TUTHILL, P.C.
P.O. Box 27047
Albuquerque, NM 87125
Telephone: (505) 843-9440
Facsimile:
E-Mail: alicia@moseslaw.com

*Counsel for CEI Enterprises, Inc.*